1  **DOLL AMIR & ELEY LLP**
   HUNTER R. ELEY (SBN 224321)
2  heley@dollamir.com
   JOHARI N. TOWNES (SBN 252369)
3  jtownes@dollamir.com
   1888 Century Park East, Suite 1850
4  Los Angeles, California 90067
   Tel:  310.557.9100
5  Fax: 310.557.9101

6  Attorneys for Defendant
   Capital One, N.A., as
7  successor by merger to
   ING Bank, FSB

8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11

12  SAMUEL A. NUEZCA AND JUVY P.          Case No. 3:13-cv-04081-JSC
    NUEZCA,
13                                        *Assigned to Courtroom F*
              Plaintiffs,                 *Magistrate Judge Jacqueline Scott*
14                                        *Corley*
    v.
15                                        **DEFENDANT CAPITAL ONE,**
    CAPITAL ONE FINANCIAL CORP.,          **N.A.'S REPLY IN SUPPORT OF**
16  DOES 1 - 100,                         **MOTION TO DISMISS THE**
                                          **COMPLAINT**
17            Defendants.

18                                        Date:    January 23, 2014
19                                        Time:    9:00 a.m.
                                          Place:   Courtroom F – 15th Floor
20                                                 450 Golden Gate Avenue
                                                   San Francisco, CA 94102
21
22                                        Complaint Filed:   September 3, 2013

23

24

25

26

27

28

DOLL AMIR & ELEY LLP

# **TABLE OF CONTENTS**

Page

I.  INTRODUCTION ......................................................................................... 1

II.  PLAINTIFFS FAIL TO STATE A CLAIM FOR DECLARATORY RELIEF............................................................................................................. 1

III.  PLAINTIFFS FAIL TO STATE CLAIMS FOR BREACH OF EXPRESS OR IMPLIED AGREEMENT .................................................. 2

IV.  PLAINTIFFS HAVE ABANDONED THEIR CAUSE OF ACTION FOR SLANDER OF TITLE .......................................................................... 4

V.  PLAINTIFFS FAIL TO STATE A CLAIM UNDER TILA .......................... 4

    A.  The TILA Claim Is Time-Barred ...................................................... 5

    B.  Even If True, The Facts Alleged By Plaintiffs Do Not State A Claim Under TILA ............................................................................ 6

VI.  PLAINTIFFS DO NOT STATE A CLAIM UNDER THE FDCPA.............. 7

    A.  The FDCPA Claim Is Time-Barred .................................................. 8

    B.  Capital One Is Not A Debt Collector Under The FDCPA................... 8

VII.  PLAINTIFFS FAIL TO STATE A CLAIM UNDER RESPA...................... 9

    A.  Plaintiffs' Letter To Capital One Was Not A QWR............................ 9

    B.  Capital One Sent An Appropriate Response To Plaintiffs' June Letter. ......................................................................................... 11

    C.  Plaintiffs Do Not Allege Damages ..................................................... 12

VIII.  PLAINTIFFS FAILS TO STATE A CLAIM UNDER THE UCL .............. 13

IX.  CONCLUSION ............................................................................................... 14

DOLL AMIR & ELEY LLP

DOLL AMIR & ELEY LLP

# **TABLE OF AUTHORITIES**

Page

## **CASES**

*Alsobrook v. American Home Mortg.*,
    No. 12–cv–2151–GPC–WMC, 2013 WL 593404 (S.D. Cal. Feb. 13,
    2013) ........................................................................................................... 11

*Bank of the West v. Superior Court*,
    2 Cal. 4th 1254 (1992) ................................................................................ 14

*Bourff v. Rubin Lublin, LLC*,
    674 F.3d 1238 (11th Cir. 2012) ................................................................... 9

*Bridge v. Ocwen Federal Bank, FSB*,
    681 F.3d 355 (2012) ..................................................................................... 9

*Burnett v. New York Cent. R.R.*,
    380 U.S. 424 (1965) ..................................................................................... 5

*Catalan v. GMAC Mortg. Corp.*,
    629 F.3d 676 (7th Cir. 2011) ........................................................... 9, 10, 11

*Glazer v. Chase Home Finance LLC*,
    704 F.3d 453 (2013) ..................................................................................... 9

*Hall v. Time Inc.*,
    158 Cal App. 4th 847 (2008) ..................................................................... 13

*Hollins v. Reconstruct, N.A.*,
    No. CV 11–945 PSG (PLAx), 2011 WL 1743291 (C.D. Cal. May 6,
    2011) .......................................................................................................... 1, 2

*Hutchinson v. Delaware Sav. Bank FSB*,
    410 F. Supp. 374 (D. N.J. 2006) ........................................................... 4, 13

*In re Brocade Comm'n Sys., Inc. Derivative Litig.*,
    615 F. Supp. 2d 1018 (N.D. Cal. 2009) ................................................... 5, 6

*Keen v. American Home Mortg. Serv'g*,
    664 F. Supp. 2d 1086 (E.D. Cal. 2009) ......................................... 6, 10, 14

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) .............................................................................. 14

*Kozhayev v. America's Wholesale Lender*,
    Slip Copy, CIV S–09–2841 FCD DAD PS, 2010 WL 3036001 (E.D. Cal.
    Aug. 2, 2010) ............................................................................................. 8, 9

*Kwikset v. Superior Ct.*,
    51 Cal. 4th 310 (2011) ................................................................................ 13

*Laine v. Wells Fargo Bank*,
    No. C 13–4109 SI, 2013 WL 6057867 (N.D. Cal. Nov. 14, 2013) ............. 12

*Lee v. Los Angeles*,
   250 F.3d 668 (9th Cir.2001) .......................................................................... 11

*Natividad v. Wells Fargo Bank., N.A.*,
   Slip Copy, No. 3:12–cv–03646 JSC, 2013 WL 2299601 (N.D. Cal. May
   24, 2013) ........................................................................................................... 1

*Oltman v. Holland America Line, Inc.*,
   538 F.3d 1271 (9th Cir. 2008) ........................................................................ 6

*Pasillas v. Deutsche Bank Nat'l Trust Co.*,
   Case No. 12–CV–04123–LHK, 2013 WL 5225982 ............................... 12, 13

*Pettie v. Saxon Mortg. Servs.*,
   No. C08-5089 RBL, 2009 WL 1325947 (W.D. Wash. May 12, 2009) ........ 10

*Price v. U.S. Bank National Association*,
   No. 3:13–CV–0175–O, 2013 WL 3976624 (N.D. Tex. Aug. 2, 2013) .......... 7

*Reese v. Ellis, Painter, Ratterree & Adams, LLP*,
   678 F.3d 1211 (2012) ..................................................................................... 9

*Schmitt v. FMA Alliance*,
   398 F.3d 995 (8th Cir. 2005) .......................................................................... 9

*Schneider v. Bank of America N.A.*,
   No. 11–2953, 2013 WL 1281902 (E.D.Cal. Mar. 26, 2013) ....................... 12

*Stichting Pensioenfonds v. Countrywide Financial Corp.*,
   802 F. Supp. 2d 1125 (C.D. Cal. 2011) ................................................... 2, 4, 8

*Vargas v. HSBC Bank USA, N.A.*,
   No. 11-cv-2729 BEN (RBB), 2012 WL 3957994 (S.D. Cal. Sept. 10,
   2012) .......................................................................................... 4, 10, 11, 13

*Williams v. Wells Fargo Bank, N.A., Inc.*,
   No. 10–399, 2010 WL 4695480 (N.D.Cal. Apr. 13, 2010) ........................ 12

*Yulaeva v. Greenpoint Mortg. Funding, Inc.*,
   No. Civ. S-09-1504 LKK/KJM, 2009 WL 2880393 (E.D. Cal. Sept. 3,
   2009) .............................................................................................. 4, 13

## **STATUTES**

12 U.S.C. § 2605 ............................................................... 9, 10, 11, 12, 13

12 U.S.C. § 2605(e)(1)(B) ............................................................... 9, 10

15 U.S.C. §1601 et seq. ....................................................... 4, 5, 6, 7, 8

15 U.S.C. § 1641(g) ..................................................................................... 7

15 U.S.C. § 1692 et seq. .......................................................... 7, 8, 9

15 U.S.C. § 1692a(6) ................................................................................ 8

iii

DOLL AMIR & ELEY LLP

Cal. Bus. & Prof. Code § 17200 .......................................................................... 13, 14

**RULES**

Fed. R. Civ. Proc. 8 ............................................................................................. 3

DOLL AMIR & ELEY LLP

REPLY IN SUPPORT OF MOTION TO DISMISS                    CASE NO. 3:13-CV-04081-JSC

1   Capital One, N.A., as successor by merger to ING Bank, FSB ("Capital One")

2   respectfully submits this Reply in support of its Motion to Dismiss the Complaint

3   ("Motion" or "Mot.") of Plaintiffs Samuel A. Nuezca and Juvy P. Nuezca's

4   ("Plaintiffs").

5   **I.     INTRODUCTION**

6        As explained in the Motion, the Complaint represents Plaintiffs' fourth attempt

7   to state causes of action against Capital One arising out of alleged improprieties with

8   an assignment of Plaintiffs' Promissory Note and Deed of Trust from ING Bank to

9   Capital One.  The Motion challenges every one of the causes of action in Plaintiffs'

10  Complaint.  Plaintiffs' Opposition to Defendants' [sic] Notice of Motion and Motion

11  to Dismiss Plaintiffs' Complaint ("Opposition" or "Opp.") fails to address many of

12  the points raised in the Motion.  With respect to the points Plaintiffs do address, their

13  arguments are insufficient to save their claims.  Capital One respectfully requests that

14  the Court grant the Motion in its entirety.  As Plaintiffs have had multiple attempts to

15  plead their claims, the Complaint should be dismissed with prejudice.[1]

16  **II.    PLAINTIFFS FAIL TO STATE A CLAIM FOR DECLARATORY**

17          **RELIEF**

18       In its motion to dismiss, Capital One challenged Plaintiffs' first cause of action,

19  for declaratory relief, on two grounds: (1) "[d]eclaratory relief is not an independent

20  cause of action, but rather is a form of relief" (*Hollins v. Reconstruct, N.A.*, No. CV

21  11–945 PSG (PLAx), 2011 WL 1743291, at *2 (C.D. Cal. May 6, 2011)); and (2)

22  "[d]eclaratory relief is inappropriate where"—as here—"other adequate remedies are

23  available to redress past contact" (*Natividad v. Wells Fargo Bank., N.A.*, Slip Copy,

24  No. 3:12–cv–03646 JSC, 2013 WL 2299601, at *17 (N.D. Cal. May 24, 2013);

---

[1] Plaintiffs dedicate nearly a page of their opposition to discussing whether it was appropriate for them to voluntarily dismiss their state court action without prejudice after receiving a tentative ruling dismissing the entirety of their complaint without leave to amend.  Opp. p. 2-3.  While Capital One maintains that Plaintiffs' dismissal was improper, it does not address this issue further, as it is not relevant to the dispositive issues of the instant Motion.

DOLL AMIR & ELEY LLP

1 │ *accord Hollins*, 2011 WL 1743291, at *2).

2 │     With respect to the first ground, Plaintiffs do not respond to Capital One's

3 │ argument that declaratory relief is not a cause of action, and do not offer any authority

4 │ for treating declaratory relief as a cause of action.  *See* Opp. pp. 4-5.  "In most

5 │ circumstances, failure to respond in an opposition brief to an argument put forward in

6 │ an opening brief constitutes waiver or abandonment in regard to the uncontested

7 │ issue."  *Stichting Pensioenfonds v. Countrywide Financial Corp.*, 802 F. Supp. 2d

8 │ 1125, 112 (C.D. Cal. 2011) (citing cases) (internal citations omitted).  Plaintiffs have

9 │ waived any challenge to this point.

10 │     Plaintiffs do address Capital One's second ground for dismissal—namely, that

11 │ declaratory relief is not appropriate where there are other adequate remedies

12 │ available.  They argue that because they have pleaded alternative theories of liability

13 │ (i.e. that Capital One does not own their Deed, but that if it turns out Capital One does

14 │ own the Deed, it violated various laws), the Court should declare which of these

15 │ theories should proceed.  Opp. p. 5.  They argue that declaratory relief is necessary to

16 │ determine "whether Capital One holds an ownership interest in Plaintiffs' mortgage

17 │ and settle the legal relations at issue . . . ."  Opp. p. 5.  Although a plaintiff may plead

18 │ causes of action in the alternative, that does not create a requirement that courts issue

19 │ a declaration or which theory the plaintiff should pursue.  Each of Plaintiffs' claims

20 │ can and should be determined on its own merits, and resolution of each claim will

21 │ provide a determination of the relationship between the parties.  As one example, the

22 │ causes of action for breach of express and implied contract necessarily require a

23 │ determination of whether the Deed was validly assigned to Capital One.  Declaratory

24 │ relief is neither necessary nor appropriate to make that determination.  This purported

25 │ cause of action should be dismissed.

26 │ **III.   PLAINTIFFS FAIL TO STATE CLAIMS FOR BREACH OF EXPRESS**

27 │ **       OR IMPLIED AGREEMENT**

28 │     In its Motion, Capital One argued that Plaintiffs' second and third causes of

DOLL AMIR & ELEY LLP

2

1   action fail because Plaintiffs do not adequately allege three necessary elements of a

2   breach of contract claim—namely, a contract, performance by Plaintiffs or excuse

3   from performance, and damages.  Mot. p. 6-8.  Plaintiffs arguments to the contrary

4   fail.

5          First, Plaintiffs have not pleaded a contract.  Mot. p. 6-7.  Plaintiffs deflect

6   attention from the real issue—whether the Complaint alleges a contract—and instead

7   argue generally that they are allowed to plead in the alternative.  Opp. p. 5.  They

8   claim that they may allege both that there was no contract and that, if there was, it

9   was breached.  *Id.*  This misses the point.  Capital One does not contend that Plaintiffs

10  cannot plead alternative theories.  This is not a case where Plaintiffs have brought one

11  claim and, in a separate claim, raised an alternative theory.  Here, Plaintiffs allege

12  within their breach of contract claims that there is no contract.  Compl. ¶ 29 (stating in

13  breach of express agreement claim that "[Capital One] is not the true owner of the

14  Deed of Trust and lacks power of sale"); *id.* ¶ 34(b) (stating in breach of implied

15  agreement claim that "[Capital One] cannot show that it has any legal rights under the

16  Deed of Trust").  Plaintiffs offer no authority which says Rule 8 allows a plaintiff to

17  avoid pleading, within a single cause of action, all of the elements of that cause of

18  action.

19         Second, Plaintiffs do not allege their own performance or excuse from

20  performance.  *See* Mot. p. 7.  They again divert attention from the real issue, whether

21  they have alleged performance all of their obligations under the contract.  They argue

22  that "[they] allege performance of the contract as they provided notice to Defendant

23  regarding their allegations of Defendant's breach of the Deed of Trust, as required

24  under Section 15 of the Deed of Trust."  Opp. p. 6.  This entirely misses the point.

25  Alleging that they performed one portion ("Section 15") of the contract is not

26  sufficient.  As explained in the Motion, there are allegations throughout the

27  Complaint that make clear that Plaintiffs have failed to pay their loan.  Mot. p. 7

28  (citing specific allegations).  Plaintiffs' claim fails because the Complaint shows that

DOLL AMIR & ELEY LLP

3

1  Plaintiffs failed to make all payments required under their mortgage, and Plaintiffs
2  allege no excuse for their nonperformance. *Id.*

3  Third, Plaintiffs do not address their failure to identify damages caused by the
4  purported breach of contract. *See* Opp. p. 6. They state conclusorily that they "have
5  sufficiently pled damages as they risk permanently losing title to their property." *Id.*
6  None of the cases they cite support the proposition that the hypothetical possibility of
7  future harm is sufficient to support a breach of contract claim. *See Vargas v. HSBC*
8  *Bank USA, N.A.*, No. 11-cv-2729 BEN (RBB), 2012 WL 3957994, at *11 (S.D. Cal.
9  Sept. 10, 2012) (stating without further explanation that the plaintiffs alleged "a
10 number of different ways in which the alleged breach of contract have caused them
11 damages"); *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, No. Civ. S-09-1504
12 LKK/KJM, 2009 WL 2880393 (E.D. Cal. Sept. 3, 2009) (no claim for breach of
13 contract or discussion of contract damages); *Hutchinson v. Delaware Sav. Bank FSB*,
14 410 F. Supp. 374 (D. N.J. 2006) (no discussion of breach of contract damages). The
15 causes of action for breach of contract fail for this independent reason.

16 **IV.    PLAINTIFFS HAVE ABANDONED THEIR CAUSE OF ACTION FOR**
17 **SLANDER OF TITLE**

18 In its Motion, Capital One argued, based on relevant authority, that Plaintiffs
19 fail to allege two of the elements of slander of title—namely, a publication to a third
20 party and a proximately-caused pecuniary loss. Mot. pp . 8-9. Plaintiffs do not
21 address Capital One's arguments, or otherwise discuss their cause of action for
22 slander of title, in their Opposition. They have therefore waived any challenge to
23 these points, and Capital One respectfully asks the Court to dismiss the slander of title
24 claim with prejudice. *See Stichting*, 802 F. Supp. 2d at 112.

25 **V.     PLAINTIFFS FAIL TO STATE A CLAIM UNDER TILA**

26 Capital One challenged Plaintiffs' TILA claim on the following grounds: (1) it
27 is time-barred; (2) Plaintiffs fail to identify what "material disclosures" they believe
28 they were entitled to (but did not) receive, in violation of TILA; (3) to pursue this

DOLL AMIR & ELEY LLP

4

1   claim Plaintiffs must allege that their loan was assigned to Capital One, but they

2   allege the opposite—that their loan was <u>not</u> assigned to Capital One; and (4) Plaintiffs

3   do not adequately allege damages.

4       **A.       <u>The TILA Claim Is Time-Barred</u>**

5       Plaintiffs focus primarily on whether this claim is time-barred.  They concede

6   that the relevant statute of limitations is <u>one year</u>.  They also concede that the

7   purported violation happened <u>over two years before this lawsuit was filed</u>.  However,

8   they argue, inexplicably, that they "brought their claims for TILA violations within

9   the one-year statute of limitations" because, by filing the State Court Lawsuit in

10  January 2012, they "provided timely notice to Defendant regarding their causes of

11  action."  Opp. p. 7.  As an initial matter, Plaintiffs did not allege TILA violations in

12  the State Court Lawsuit (*see* RJN, Exhs. A, B, D), and that lawsuit therefore did not

13  put Capital One on notice of a TILA claim.  In any event, Plaintiffs fail to explain

14  how their previous lawsuit, which they voluntarily dismissed several months before

15  filing the instant one, bears on the question of whether their <u>current</u> claims are timely.

16  The fact of their previous lawsuit does not exempt them from having to explain why

17  their current claims are not time-barred.

18      In the alternative, Plaintiffs argue that if their claim is not timely, the Court

19  should "apply the principles of equitable tolling."  Opp. p. 7.  Although they cite

20  cases that discuss equitable tolling, Plaintiffs do not explain how any of them are

21  applicable here (they are not) or provide any factual basis to support equitable tolling.

22  Equitable tolling "is a judicially-created mechanism whereby a court may toll the

23  running of the statute of limitations to avoid manifest injustice.  . . . [that] is usually

24  invoked in circumstances where a plaintiff makes a technical pleading error and the

25  statute of limitations expires before he can cure the defect."  *In re Brocade Comm'n*

26  *Sys., Inc. Derivative Litig.*, 615 F. Supp. 2d 1018, 1041-42 (N.D. Cal. 2009) (citing

27  *Burnett v. New York Cent. R.R.*, 380 U.S. 424, 429 (1965) (plaintiff injured in railway

28  accident filed claim in wrong court "has not slept on his rights but, rather, has been

DOLL AMIR & ELEY LLP

REPLY IN SUPPORT OF MOTION TO DISMISS                    CASE NO. 3:13-CV-04081-JSC

DOLL AMIR & ELEY LLP

1  prevented from asserting them" by mistake); *Oltman v. Holland America Line, Inc.*,

2  538 F.3d 1271, 1280 (9th Cir. 2008) (discussing a couple sickened on cruise whose

3  "timely state court complaint was dismissed for improper forum, they then promptly

4  filed in federal court")).

5       Where, as here, a "plaintiff pleads no other facts to explain how defendants

6  concealed the true facts or why plaintiff could not otherwise have discovered the

7  TILA violations [sooner,]" the claim should be dismissed.  *Keen v. American Home*

8  *Mortg. Serv'g*, 664 F. Supp. 2d 1086, 1093 (E.D. Cal. 2009).  Plaintiffs have not

9  pointed to any new facts that they learned less than a year before filing this lawsuit.

10  Plaintiffs' claim involves allegations dating back to June 2011, and they knew of the

11  factual allegations underlying the Complaint back in January 2012 when they filed the

12  State Court Complaint.  They do not explain why they waited another year and a half

13  before bringing this claim.  Further, they have provided no explanation of why

14  "manifest injustice" would occur if the statute of limitations is enforced.  *See In re*

15  *Brocade*, 615 F. Supp. 2d at 1041-42.  Because Plaintiffs' TILA claim is untimely and

16  Plaintiffs offer no grounds for equitable tolling, this claim should be dismissed.

17      **B.**    **Even If True, The Facts Alleged By Plaintiffs Do Not State A Claim**

18                 **Under TILA**

19       Capital One argued in its Motion that Plaintiffs failed to identify what "material

20  disclosures" Capital One was required (but failed) to make.  Mot. p. 11.  In their

21  Opposition, Plaintiffs contend that there were two types of disclosures required.  The

22  first alleged disclosure failure occurred because Capital One was required to "fully

23  inform [them] of the pros and cons of adjustable rate mortgages . . . and advise them

24  to compare similar loan products with other lenders."  Compl. ¶ 47.  However,

25  Plaintiffs do not allege that Capital One originated their loan.  Rather, they allege that

26  they entered into a contract with, and received loan funds from, ING Bank.  They

27  offer no explanation as to why an assignee of a loan that has <u>already been entered into</u>

28  would have to advise the borrowers about the pros and cons of entering into the loan,

1   and they do not identify any authority to this effect.

2       Plaintiffs then argue that Capital One failed to provide a "notice of new

3   creditor" after accepting assignment of the loan.  Opp. p. 8.  As explained in the

4   Motion, to allege a valid TILA claim, Plaintiffs must allege that the loan was assigned

5   to Capital One, thereby triggering disclosure requirements under TILA.  Mot. p. 11-

6   12; *see also Price v. U.S. Bank National Association,* No. 3:13–CV–0175–O, 2013

7   WL 3976624, at *10 (N.D. Tex. Aug. 2, 2013) (dismissing TILA claim because

8   borrower "would have to allege and prove that her mortgage was sold or transferred

9   to Defendant, *but she essentially argues that the opposite* was the case").  Here, as in

10  *Price*, Plaintiffs allege the opposite, and their claim should therefore be dismissed.

11      Finally, Capital One argued that Section 1641(g) of TILA imposes liability

12  only for actual, non-speculative damages.  Mot. p. 12.  Plaintiffs now argue that they

13  suffered damages by making payments to the wrong entity (Opp. p. 8), though this

14  argument does not appear in the TILA section of the Complaint.  Even taking it as

15  true (which it is not), Plaintiffs offer no explanation of how such a loss was <u>caused by</u>

16  the absence of disclosures.  As Plaintiffs admit, they owe money on their mortgage.

17  They did not make mortgage payments <u>because</u> of a TILA violation.  Plaintiffs have

18  not adequately alleged a TILA claim, and it should therefore be dismissed.

19  **VI.   <u>PLAINTIFFS DO NOT STATE A CLAIM UNDER THE FDCPA</u>**

20      Capital One challenged Plaintiffs' FDCPA claim on <u>four</u> separate grounds: (1)

21  the claim is time-barred; (2) the FDCPA does not apply to residential mortgage loans;

22  (3) Capital One is not a "debt collector" as defined by the statute; and (4) Plaintiffs

23  have not alleged activity that could constitute a violation of the FDCPA.  Mot. pp. 13-

24  15.

25      Plaintiffs completely ignore two of these arguments—that the FDCPA does not

26  apply to residential mortgage loans, and that Plaintiffs have not alleged activity that

27  could constitute a FDCPA violation.  Plaintiffs do not even mention these arguments,

28  let alone address the authority cited in Capital One's Motion.  Plaintiffs have

DOLL AMIR & ELEY LLP

7

1  therefore waived any challenge to these arguments.  *See Stichting*, 802 F. Supp. 2d at

2  112.  As such, Capital One respectfully asks the Court to find in its favor on these two

3  issues.

### A.     The FDCPA Claim Is Time-Barred

5      Plaintiffs do not deny that there is a <u>one-year</u> statute of limitations, or that they

6  brought this claim <u>more than two years</u> after the alleged violation.  Instead, in the last

7  two sentences of their FDCPA argument, they ask the Court to ignore the statute of

8  limitations.  Opp. pp. 9-10.  They state that "Plaintiffs brought their claims in a timely

9  fashion, exercised due diligence in doing so and put Defendant on sufficient notice

10  that Plaintiffs were pursuing these statutory claims against Defendant."  Opp. pp. 9-

11  10.  Plaintiffs did not allege FDCPA violations in the State Court Lawsuit (*see* RJN,

12  Exhs. A, B, D), and that lawsuit therefore did not put Capital One on notice of a

13  FDCPA claim.  Further, even if this claim were subject to equitable tolling, Plaintiffs

14  have not pointed to any new facts that they learned less than a year before filing this

15  lawsuit.  This claim is based on activity in June 2011.  As with their TILA claim,

16  Plaintiffs offer no explanation of why they did not know about the claim back in June

17  2011, or, at the latest, 1 ½ years ago when they first began suing Capital One over

18  these issues.  Plaintiffs claim is time-barred, and this cause of action therefore fails as

19  a matter of law.

### B.     Capital One Is Not A Debt Collector Under The FDCPA

21      The sole ground concerning the FDCPA that Plaintiffs meaningfully address is

22  whether Capital One is a debt collector.  *See* Opp. pp.8-10.  However, they are wrong

23  on the law.  Under the plain language of the statute, a bank is not a "debt collector"

24  when it collects on debts it owns.  15 U.S.C. § 1692a(6).  Under the statute, a debt

25  collector is one who collects amounts "owed or due or asserted to be owed or due

26  <u>*another*</u>," not a creditor who is attempting to collect on its own accounts.  *Id.* ;

27  *Kozhayev v. America's Wholesale Lender*, No. CIV S–09–2841 FCD DAD PS, 2010

28  WL 3036001, at *7 (E.D. Cal. Aug. 2, 2010) ("the [FDCPA] does not include the

DOLL AMIR & ELEY LLP

8

1   consumer's creditors, a mortgage servicing company, or an assignee of a debt").

2   Indeed, "the FDCPA. . . does not regulate creditors' activities at all." *Schmitt v. FMA*

3   *Alliance*, 398 F.3d 995, 998 (8th Cir. 2005); *accord Kozhayev*, 2010 WL 3036001, at

4   *7.

5       Here, Plaintiffs allege that Capital One is improperly asserting <u>ownership</u> of

6   Plaintiffs' Deed and collecting on the debt, not that Capital One is attempting to

7   collect debt <u>on behalf of another entity</u>.  By definition, Capital One is not a debt

8   collector under the FDCPA.  Significantly, Plaintiffs do not distinguish or even

9   mention the cases cited for this point in the Motion.  Instead, they point to several

10  cases that do not assist them at all.  *See Reese v. Ellis, Painter, Ratterree & Adams,*

11  *LLP*, 678 F.3d 1211, 1218 (2012) (law firm that represented creditor and demanded

12  payment was a debt collector); *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1240-41

13  (11th Cir. 2012) (same); *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 359

14  (2012) ("as to a specific debt one cannot be both a 'creditor' and a 'debt collector,' as

15  defined in the FDCPA, because those terms are mutually exclusive") (internal

16  citations omitted); *Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 457 (2013)

17  (bank to which loan was assigned was not a debt collector).    Plaintiffs offer no

18  viable explanation of how Capital One could be considered a debt collector based on

19  the allegations in the Complaint, and this cause of action should be dismissed.

20  **VII.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER RESPA**

21      **A.    Plaintiffs' Letter To Capital One Was Not A QWR**

22      RESPA is a dispute resolution mechanism whereby borrowers who believe an

23  error has occurred with servicing their loan may request certain information from the

24  lender in a "Qualified Written Response" or "QWR."  *See generally* 12 U.S.C. § 2605

25  *et seq.*  A challenge to the validity of a debt does not fall within the scope of a QWR.

26  *See Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 686 (7th Cir. 2011).  Rather, a

27  QWR must (1) state the account is in error (12 U.S.C. § 2605(e)(1)(B); *Catalan*, 629

28  F.3d at 686, 689); and (2) pertain to the <u>servicing</u> of the account, not a general

DOLL AMIR & ELEY LLP

9

allegation concerning the validity of the debt (*Keen*, 664 F. Supp. 2d at 1097 letter "disput[ing] the validity of a loan and not its servicing was not a QWR"); *Pettie v. Saxon Mortg. Servs.*, No. C08-5089 RBL, 2009 WL 1325947, at *1-2 (W.D. Wash. May 12, 2009) (same)).   Further, the letter must "provide[] sufficient detail to the servicer regarding [what] information [is] sought by the borrower."   12 U.S.C. § 2605(e)(1)(B).

Plaintiffs' June Letter speaks for itself.  It was not a QWR.  It did not identify any specific <u>error</u> or any issue relating to the <u>servicing</u> of the loan.  Plaintiffs do not and cannot point to any such language in the letter.  To the extent the letter requests information, it concerns the validity of the debt.  *See, e.g.*, June Letter p. 2 ("I hereby demand absolute 1st hand evidence from you of the original un-certificated or certificated security"); *id.* ("I need to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date"). The one sentence Plaintiffs identify from the 20-page letter "demand[s] that a chain of transfer from you to wherever the security is now be promptly sent to me[.]"  Opp. p. 11 (quoting June Letter).  This is, if anything, a request for validation of the debt, not an expression of a belief that there has been a servicing error.  This type of request is not a QWR under RESPA.  *Keen*, 664 F. Supp. 2d at 1097 (dismissing RESPA claim on this ground; *Pettie*, 2009 WL 1325947, at *2 (same).

In support of their contention that the June Letter was a QWR, Plaintiffs cite two cases, *Catalan* and *Vargas*.  Opp. p. 10.  Neither helps Plaintiffs.  In *Catalan*, mortgage borrowers made timely payments but, as a result of mistakes by their original servicer and a subsequent servicer, their account was not properly credited, payments were improperly returned, their loan was put into default status, foreclosure was threatened, and inaccurate reports regarding the account were sent to credit bureaus.  *Catalan*, 629 F.3d at 681-84.  The court considered whether five different letters from the borrowers were valid QWRs.  *Id.*, 629 F.3d at 687-90.  The Court found that two of the letters were.  *Id.* at 687, 689-90.  The first QWR was a three-

DOLL AMIR & ELEY LLP

10

page letter that described specific problems with the loan servicing, identified specific payments that had been misapplied or improperly rejected, and asked for an explanation of why certain checks had been returned. *Id.* at 687-88.  The second QWR stated that the account was incorrect and "very clearly requested specific information regarding their account[,]" including why the account balance had increased by almost $20,000 in two months. *Id.* at 687-90.  In the instant case, the June Letter does not contain any such detail.  Notably, the *Catalan* court held that the three other letters, each of which identified the account at issue but did not contain specific allegations of an accounting error or request servicing information, were <u>not</u> QWRs. *Id.* at 688-689.

In *Vargas*, the Court held that a letter which specifically alleged, among other things, "deceptive and fraudulent servicing practices" and fraudulent accounting tricks, and sought several specific items of information, was a QWR. *Id.*, at *4. Here, unlike in *Vargas*, Plaintiffs' letter did not identify specific errors or fraudulent accounting.  Rather, it contained blanket statements decrying banks and the mortgage industry. *Vargas* thus does not help Plaintiffs establish that their letter was a QWR.

### B.   <u>Capital One Sent An Appropriate Response To Plaintiffs' June Letter.</u>

The <u>sole</u> basis for Plaintiffs' RESPA claim is that Capital One never responded to the June Letter.   Compl. ¶¶ 70-73.   Documents properly before the Court demonstrate that this is untrue.  In support of the Motion, Capital One submitted a copy of its response to the June Letter. *See* Townes Decl., Exh. B.  A court may consider "documents attached to the complaint, documents <u>relied upon but not attached to the complaint when authenticity is not contested</u>, and matters of which the court takes judicial notice." *Alsobrook v. American Home Mortg.*, No. 12–cv–2151–GPC–WMC, 2013 WL 593404, at *3 (S.D. Cal. Feb. 13, 2013) (citing *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir.2001)).  Here, the Complaint relies upon

1  Capital One's response to the June Letter, but fails to attach the letter.    Notably,

2  <u>Plaintiffs have not objected to the Court considering this document</u>.

3        Indeed, Plaintiffs have chosen to ignore the Capital One Letter altogether,

4  continuing to insist, without explanation, that Capital One "fail[ed] to respond to

5  Plaintiffs' QWR[.]"  Capital One's letter explained in detail why the June Letter was

6  not a QWR, identified what was missing from Plaintiffs' request (including that a

7  QWR must concern the servicing of the loan), and even explained the steps Plaintiffs

8  could take to request various documents and information pertaining to the mortgage.

9  Townes Decl., Exh. B.  Plaintiffs offer no explanation of how Capital One's response

10  violated RESPA, and this cause of action should be dismissed.

11        **C.**    <u>**Plaintiffs Do Not Allege Damages**</u>

12        "[A] claim based on a loan servicer's failure to respond to a QWR must allege

13  <u>actual damages</u> . . . as well as a <u>causal relationship</u> between the alleged damages and

14  the RESPA violation." *Pasillas v. Deutsche Bank Nat'l Trust Co.*, Case No. 12–CV–

15  04123–LHK, 2013 WL 5225982, at *4 (citing *Williams v. Wells Fargo Bank, N.A.,*

16  *Inc.*, No. 10–399, 2010 WL 4695480, at *3 (N.D.Cal. Apr. 13, 2010); *Schneider v.*

17  *Bank of America N.A.*, No. 11–2953, 2013 WL 1281902, at *7 (E.D.Cal. Mar. 26,

18  2013)); *accord Laine v. Wells Fargo Bank*, No. C 13–4109 SI, 2013 WL 6057867, at

19  *6 (N.D. Cal. Nov. 14, 2013) ("Courts routinely hold that a claim based on a loan

20  servicer's failure to respond to a QWR must allege actual damages, as well as a causal

21  relationship between the alleged damages and the RESPA violation.") (collecting

22  cases).

23        Here, even assuming that the June Letter was a QWR and the Capital One

24  Letter was not a sufficient response, Plaintiffs offer no explanation of how they were

25  damaged <u>by this conduct</u>.  They instead state generally that they were harmed by

26  making payments to the wrong entity, and allege without explanation that their credit

27  rating was affected.  Opp. p. 11.  Plaintiffs do not address *Pasilla* or the authority in

28  the Motion that a RESPA claim must allege "a causal relationship between the

DOLL AMIR & ELEY LLP

12

1  alleged damages and the RESPA violation."[2]  *See* Motion p. 19-20 (citing *Pasillas*,

2  2013 WL 5225982).  As explained in *Pasilla*, such allegations are insufficient where

3  "other allegations in the [complaint] suggest that the damages Plaintiffs suffered—

4  foreclosure, reduced credit rating, etc.—may well have been caused by Plaintiffs'

5  failure to pay their mortgage, rather than by [the servicer's] failure to properly

6  respond to their QWR."  *Pasillas*, 2013 WL 5225982, at *4.  Such is the case here,

7  where the Complaint impliedly concedes that Plaintiffs have defaulted on their loan

8  and fear possible foreclosure.  *See, e.g.*, Compl. ¶¶ 25-26 ("Deed of Trust includes

9  provisions for acceleration remedies limiting the power of sale to the lender <u>in case of

10  default</u>"); *id.* ¶ 27 ("[i]f Lender invokes the power of sale, Lender shall . . . execute a

11  written notice of the occurrence of <u>an event of default</u>") (emphasis added).

12      Plaintiffs' damages allegations are insufficient, and their claim fails for this

13  independent reason.

14  **VIII.  <u>PLAINTIFFS FAILS TO STATE A CLAIM UNDER THE UCL</u>**

15      To state a claim under the UCL, Plaintiffs must allege that they "lost money or

16  property[.]"  *Kwikset v. Superior Ct.*, 51 Cal. 4th 310, 322 (2011); *Hall v. Time Inc.*,

17  158 Cal App. 4th 847, 853 (2008).  In its Motion, Capital One argued that Plaintiffs

18  do allege such a loss and therefore lack standing under the UCL.  Mot. p. 21.

19      In response, Plaintiffs contend that their allegations are sufficient because they

20  "allege *damages* to the extent they made mortgage payments to an entity not

21  authorized to receive them . . . ."  Opp. p. 12 (emphasis added).  This does not salvage

22

23  _____

24  [2] Rather than address Capital One's authority, Plaintiffs cite three other cases where courts found that the plaintiffs had adequately alleged damage under RESPA.  Opp. p. 11.  These cases do not help Plaintiffs, because in each, unlike here, the plaintiffs had

25  specifically identified an actual loss.  *Vargas*, 2012 WL 3957994, at *5 (allegations that the plaintiffs overpaid interest, incurred costs to repair their credit, and suffered

26  improper reduction or elimination of their credit limits were sufficient to allege actual damages under RESPA); *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, No. Civ. S-09-

27  1504 LKK/KJM, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009) (allegation of improper fees and kickbacks were sufficient to allege actual damages under RESPA);

28  *Hutchinson v. Delaware Sav. Bank FSB*, 410 F. Supp. 374, 383 (D. N.J. 2006) (allegations that plaintiffs suffered negative credit reporting and were therefore unable to obtain other credit were sufficient to allege actual damages under RESPA).

DOLL AMIR & ELEY LLP

REPLY IN SUPPORT OF MOTION TO DISMISS                    CASE NO. 3:13-CV-04081-JSC

1  Plaintiffs' claim.  As the California Supreme Court has explained, "[a] UCL action is

2  equitable in nature; damages cannot be recovered."  *Korea Supply Co. v. Lockheed*

3  *Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (citing *Bank of the West v. Superior*

4  *Court*, 2 Cal. 4th 1254, 1266 (1992)).

5      Further, as discussed in the Motion, this claim should be dismissed for the

6  independent reason that Plaintiffs have not adequately pleaded any of their other

7  claims.  *See Keen*, 664 F. Supp. 2d at 1102 (dismissing UCL claim that was

8  "predicated on facts supporting [the plaintiff's] other claims, all of which the court

9  has dismissed").

10  **IX.   CONCLUSION**

11      For the foregoing reasons, Capital One respectfully requests that the Court

12  grant the Motion in its entirety as against Capital One without leave to amend.

13

14  DATED:  January 3, 2014                DOLL AMIR & ELEY LLP

15

16                                        By: */s/ Johari N. Townes*_____

17                                            HUNTER R. ELEY
                                             JOHARI N. TOWNES

18                                        Attorneys for Defendant,
                                          Capital One, N.A., as successor-by-merger to

19                                        ING Bank. FSB

20

21

22

23

24

25

26

27

28

DOLL AMIR & ELEY LLP

REPLY IN SUPPORT OF MOTION TO DISMISS                    CASE NO. 3:13-CV-04081-JSC

1    **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **1888 Century Park East, Suite 1850, Los Angeles, California 90067**.

4

5    On January 3, 2014, I served the foregoing document described as **DEFENDANT CAPITAL ONE, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT** on the interested parties in this action by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

6

7

8    **SEE ATTACHED SERVICE LIST**

9    ☐    **BY REGULAR MAIL:** I deposited such envelope in the mail at 1888 Century Park East, Suite 1850, Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

10

11

12

13

     ☐    **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

14

15

16   ☐    **BY OVERNIGHT DELIVERY:** I caused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees. The envelope or package was deposited with delivery fees thereon fully prepaid.

17

18   ☐    **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

19

20   ☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

21

22   ☒    **BY CM/ECF:** I electronically transmitted a true copy of said document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the aforementioned CM/ECF registrants.

23

24   I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

25

     Executed on January 3, 2014, at Los Angeles, California.

26

27

28   Diana Kang

*(vertical left margin:)* DOLL AMIR & ELEY LLP

---

PROOF OF SERVICE

# SERVICE LIST

Michael Yesk, Esq.
Megan Dailey, Esq.
70 Doray Drive, #16
Pleasant Hill, CA 94523

T: (925) 849-5525
m.yesklaw@gmail.com
yesklaw@gmail.com
saveyourhouse70@gmail.com
*Attorneys for Plaintiffs, Samuel A.*
*Nuezca and Juvy P. Nuezca*

DOLL AMIR & ELEY LLP