United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAMUEL A. NUEZCA AND JUVY P. NUEZCA,

                    Plaintiffs,

     v.

CAPITAL ONE FINANCIAL CORP., DOES 1 – 100

                 Defendants.

Case No.: 3:13-cv-04081-JSC

**ORDER GRANTING DEFENDANT CAPITAL ONE, N.A.'S MOTION TO DISMISS THE COMPLAINT (Dkt. No. 19.)**

     This lawsuit arises from a mortgage Plaintiffs obtained from ING Bank for their home in Hayward, California.  In June 2011 Defendant Capital One Financial Corp. ("Capital One" or "Defendant") purportedly purchased ING Bank's assets, including Plaintiffs' loan. Plaintiffs subsequently filed this lawsuit based upon their contention that there is no evidence that their particular loan was among the assets purchased by Defendant from ING Bank.

     Now pending before the Court is Defendant's motion to dismiss and request for judicial notice.  (Dkt. No. 19.)  The parties consented to the jurisdiction of the Court pursuant to 28 U.S.C. § 636(c).  (Dkt. Nos. 8, 16.)  Having carefully reviewed the parties' submissions, and having had the benefit of oral argument on January 23, 2014, the Court GRANTS

Defendant's motion to dismiss, and GRANTS Defendant's request for judicial notice with respect to the state court proceeding.

## FACTUAL & PROCEDURAL BACKGROUND

On January 26, 2007, Plaintiffs Samuel A. Nuezca and Juvy P. Nuezca ("Plaintiffs") obtained a loan ("Loan") secured by a Deed of Trust.  (Dkt. No. 1 at ¶ 10.)  The Loan's principal sum was $650,000, the lender was ING Bank, FSB ("ING"), and the trustee was First American Title.  (*Id.*)  The Deed was recorded in Alameda County's real estate records and encumbered real property at 30083 Bridgeview Way, Hayward, California 94544 ("Property").  (*Id.* at ¶ 2.)

On June 16, 2011, Capital One purchased "substantially all of the assets" of ING.  (*Id.* at ¶ 11.)  Plaintiffs contend that although Capital One published the purchase and assumption agreement, "no evidence exists, recorded or otherwise, showing that Plaintiffs' mortgage was among the assets [Defendant] purchased from [ING]."  (*Id.* at ¶ 12.)  Therefore, in Plaintiffs' view, "Defendant is not the true beneficiary, and the [Loan] debt is voided because no entity can enforce the [Deed of Trust] now due to the irreversibly broken chain of title."  (*Id.* at ¶ 24.)  Under the theory that they "cannot be in default to the true beneficial interest holder," Plaintiffs filed this federal suit against Defendant.  (*Id.* at ¶ 24.)

Plaintiffs bring eight causes of action against Capital One for (1) declaratory relief, (2) breach of express agreement, (3) breach of implied agreement, (4) slander of title, and for violations of (5) the Truth-In-Lending-Act (15 U.S.C. § 1601) ("TILA"), (6) the Unfair Business Practices Act (California Business and Professions Code Section 17200) ("UCL"), (7) the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) ("FDCPA"), and (8) the Real Estate Settlement Procedures Act (12 U.S.C. § 2605) ("RESPA").

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A facial plausibility standard is not a "probability requirement" but

mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks and citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the non-moving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.)  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"), *cert. denied*, __U.S. __, 132 S.Ct. 2101, 182 L.Ed.2d 882 (2012).  The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 663.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 663-64.

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that

the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citations and quotation marks omitted).

**DISCUSSION**

**I.      Plaintiffs' TILA and FDCPA Claims are Barred by the Statute of Limitations**

**A.      TILA (Fifth Cause of Action)**

Plaintiffs' primary claim is that Capital One has no interest in Plaintiffs' loan.  Should Plaintiffs' claim fail, Plaintiffs allege in the alternative that Defendant violated TILA by "failing to provide Plaintiffs with accurate material disclosures required under TILA," and by failing to notify Plaintiffs that it purchased the beneficial interest in the Deed of Trust within the 30-day window required under TILA.  (Dkt. No. 1 at ¶¶ 47, 48.)  Plaintiffs further contend that "[a]ny and all statute[s] of limitations relating to disclosures and notices . . . were tolled ." (*Id.* at ¶ 49.)

Claims for damages under TILA are subject to a one-year statute of limitations.  15 U.S.C. § 1640(e).  The statute of limitations period begins at the date of consummation (the time that a consumer becomes contractually obligated on a credit transaction).  *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  The doctrine of equitable tolling, however, "may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  *King*, 784 F.2d at 915.  "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings," the question of whether a plaintiff has satisfied equitable tolling for the purposes of a TILA claim "is not generally amenable to resolution on a Rule 12(b)(6) motion."  *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (internal citations omitted).  If, however, "a plaintiff fails to allege facts demonstrating that he could not have discovered the alleged violations by exercising reasonable diligence," dismissal is appropriate.  *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 964 (N.D. Cal. 2010).

Here, Defendant argues that consummation occurred on June 16, 2011, the day that Defendant allegedly asserted interest in the Loan.  (Dkt. No. 19 at 10.)  Plaintiffs do not

4

contest this allegation in their opposition.  Plaintiffs filed the instant action against Defendant on September 3, 2013, two years after the consummation occurred.  (Dkt. No. 1.)  In their opposition to Defendant's motion to dismiss, Plaintiffs allege that they satisfied the statute of limitations by filing a claim against Defendant in state court on January 6, 2012, which was six months after the consummation.[1]  *See* Complaint, *Nuezca v. Capital One Financial Corp.*, No. RG12611235 (Cal. Super. Ct. filed Jan. 6, 2012).  As Defendant correctly highlights, however, Plaintiffs did not raise a TILA violation in the state court proceeding.  (*Id.*)  Plaintiffs fail to allege any other facts that would support equitable tolling.

At oral argument, Plaintiffs conceded that they had no further allegations to add to the Complaint with respect to equitable tolling.  Accordingly, because Plaintiffs cannot prove that their TILA claim is not time-barred, Plaintiffs' TILA claim is dismissed with prejudice.

**B.  FDCPA (Seventh Cause of Action)**

Plaintiffs charge that Defendant violated the FDCPA "because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  (Dkt. No. 1 at ¶ 64.)  Plaintiffs allege damages including but not limited to "loss of equity and diminution in value of the [Property]."  (*Id.* at ¶ 66.)

Plaintiffs must bring suit under the FDCPA within one year from the date on which the violation occurs.  *See* 15 U.S.C. § 1692k(d).  Plaintiffs again fail to allege when the alleged violation occurred or even what constitutes the alleged violation.  From the arguments made at the hearing it appears Plaintiffs contend that the claim is based upon the same conduct as the other claims; namely, seeking to collect on the mortgage without proper authority.  This

---

[1] Defendant requests the Court take judicial notice of the January 6, 2012 state court proceeding.  (Dkt. No. 19, Ex. A.)  Plaintiffs object to this request on hearsay grounds.  (Dkt. No. 22 at 1.)  Under Federal Rule of Evidence 201 courts are allowed to "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue."  *United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  Here, the state court proceedings have a direct relation to the matter at issue – whether Defendant timely filed a TILA claim.  Accordingly, Defendant's request for judicial notice with respect to the January 6, 2012 state court proceeding is GRANTED.

conduct must have begun some time before January 6, 2012, the date Plaintiffs filed their state court action against Defendant.  Accordingly, the statute of limitations for Plaintiffs' FDCPA claim expired on January 6, 2013 at the very latest.

Plaintiffs, however, did not sue for violations of the FDCPA against Defendant until September 3, 2013.  (Dkt. No. 1.)  As with their TILA claim, Plaintiffs argue that the January 6, 2012 state court proceeding should serve to equitably toll the FDCPA's statute of limitations.  Defendant again highlights that Plaintiffs did not make a FDCPA claim in state court.  *See* Complaint, *Nuezca v. Capital One Financial Corp.*, No. RG12611235 (Cal. Super. Ct. filed Jan. 6, 2012).  Plaintiffs have not alleged any other facts that would support a finding of equitable tolling.  At oral argument, moreover, Plaintiffs stated that they had nothing further to add to what is already alleged in the Complaint.

Thus, Plaintiffs' FDCPA claim is dismissed with prejudice.

## II.     RESPA (Eighth Cause of Action)

Plaintiffs' eighth cause of action alleges Defendant violated RESPA, which provides guidelines for loan servicers to follow upon receiving a Qualified Written Request ("QWR") for information relating to the servicing of a loan from a borrower, or from a borrower's agent.  *See* 12 U.S.C. § 2605(e).  Upon receiving a QWR, the servicer must provide a written response acknowledging receipt of the correspondence within twenty days, and provide a substantive response to the inquiry within sixty days.  *Id.* §§ 2605(e)(1)(A) & (e)(2).

Plaintiffs allege they submitted a QWR to Defendant, Defendant failed to timely respond, and they suffered damages "including but not limited to devastation of their reputation and credit rating, monetary damages, and the potential foreclosure of their home," as well as "mental anguish, inconvenience . . . as well as late fees."  (Dkt. No. 1 at ¶¶ 70, 72, 79.)  Defendant moves to dismiss this claim because Plaintiffs' request does not qualify as a QWR, because Defendant did in fact respond to Plaintiffs' request and because Plaintiffs do not allege damages.

A QWR is a written correspondence that "(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower, and (ii) includes a statement of the reasons

1   for the belief of the borrower, to the extent applicable, that the account is in error or provides

2   sufficient detail to the servicer regarding other information sought by the borrower."  12

3   U.S.C. §§ 2605(e)(1)(B)(i) & (ii).  For correspondence to qualify as a QWR, RESPA "does

4   not explicitly require any 'magic' words, and an interpretation according to which it did so

5   implicitly would be inconsistent with Congress' intent that the statute serve a broad remedial

6   purpose."  *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012).  Nevertheless,

7   RESPA "distinguishes between letters that relate to borrowers' disputes regarding servicing,

8   on the one hand, and those regarding the borrower's contractual relationship with the lender,

9   on the other."  *Id*. at 667.  Thus, "letters challenging only a loan's validity or its terms are not

10  [QWR] that give rise to a duty to respond under § 2605(e)."  *Id*.

11         Plaintiffs' purported QWR is a letter to Defendant dated June 20, 2013.[2]

12  Notwithstanding the letter's repeated self-serving assertion that it is a "QWR," the 20-page

13  letter asks questions relating only to the transfer of the Deed of Trust from ING to Defendant.

14  There is not a single instance in this letter where Plaintiffs ask Defendant for information

15  relating to the Loan's servicing.  Because the June 20, 2013 letter inquires only about the

16  Loan's validity, it fails to meet the standards of a QWR as a matter of law.  *See id.* (affirming

17  dismissal of RESPA claim where letter itself demonstrated it was not about the servicing of

18  the loan).  Accordingly, Plaintiffs' RESPA claim is dismissed with prejudice.

19

20

21  _____

22  [2] The doctrine of incorporation by reference permits courts to consider documents outside the
    pleadings without converting a motion to dismiss into a motion for summary judgment.

23  *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).  A document not attached to a
    complaint "may be incorporated by reference into a complaint if . . . the document forms the

24  basis of the plaintiff's claim."  *Id*. at 908.  The doctrine extends "to situations in which . . . the
    defendant attaches the document to its motion to dismiss, and the parties do not dispute the

25  authenticity of the document."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)
    (citations omitted).  Here, the purported QWR forms the basis of Plaintiffs' RESPA claim,

26  Defendant attached the purported QWR in its motion to dismiss, and the parties do not dispute
    the QWR's authenticity.  Accordingly, the Court takes into account the June 20, 2013 under

27  the doctrine of incorporation.

28

United States District Court
Northern District of California

### III.    UCL Claim (Sixth Cause of Action)

Plaintiffs' sixth cause of action alleges that Defendant violated UCL because Defendant "has been purporting to be the servicer and owner of Plaintiffs' Loan and Deed of Trust," despite being a "stranger to the [L]oan and lack[ing] any interest in the [Property]." (Dkt. No. 1 at ¶ 57.)  Plaintiffs further allege to have suffered an injury "because a cloud has been placed on Plaintiffs' title and their interest in the [Property] has been placed in jeopardy."  (*Id.* at ¶ 60.)

Plaintiffs acknowledge that because the UCL provides a derivative cause of action, their ability to pursue this claim depends on the success or failure of their substantive claims under TILA and RESPA.  (Dkt. No. 1 at ¶ 56.)  Defendant moves to dismiss this claim, asserting that Plaintiffs have not properly raised TILA and RESPA claims nor alleged the injury required for a UCL claim. (Dkt. No. 19 at ¶ 20-21.)

Plaintiffs' UCL claim fails for lack of standing.  To establish standing under the UCL, a plaintiff must "(1) establish a loss or deprivation of money sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice . . . that is the gravamen of the claim."  *Kwikset Corp v. Superior Court*, 51 Cal. 4th 310, 337 (2011).  In their Opposition, Plaintiffs allege that they suffered an injury "to the extent they made mortgage payments to an entity not authorized to receive them and were denied having those payments credited to their account."  (Dkt. No. 21 at 12.)  This allegation, however, is entirely speculative as the Complaint is devoid of any plausible factual allegations that Plaintiffs' payments have been credited to the wrong account.  To put it another way, there are no allegations that another entity has claimed an interest in Plaintiffs' loan and is thus seeking payment from Plaintiffs.  Further, Plaintiffs have not alleged that Capital One is foreclosing on their home or even that they are in default. Plaintiffs' alleged injury, therefore, does not satisfy the "economic injury" element of standing.

United States District Court
Northern District of California

1  Accordingly, because Plaintiffs are left with no valid underlying claim since their

2  TILA and RESPA claims were dismissed, and because Plaintiffs have not plead enough facts

3  to establish standing, Plaintiffs' UCL claim is dismissed with leave to amend.

4  **IV.    Slander of Title**

5  In Plaintiffs' fourth cause of action, Plaintiffs allege that Defendant's wrongful claim

6  to the Deed of Trust is "an improper cloud against Plaintiffs' title."  (Dkt. No. 1 at ¶ 38.)

7  Plaintiffs further allege that Defendant acted with malice and in reckless disregard of

8  Plaintiffs' rights.  (*Id.* at ¶ 39.)

9  Slander of title "occurs when a person, without a privilege to do so, publishes a false

10  statement that disparages title to property and causes pecuniary loss."  *Trucks Ins. Exchange v.*

11  *Bennett*, 53 Cal. App. 4th 75, 85 (1977).  To state a claim for slander of title, Plaintiffs must

12  allege: "1) a publication, 2) which is without privilege or justification, 3) which is false, and

13  4) which causes direct and immediate pecuniary loss."  *Manhattan Loft, LLC v. Mercury*

14  *Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009).  Defendant contends that Plaintiffs fail to

15  adequately allege the publication element or pecuniary loss.  (Dkt. No. 19 at 8-9.)

16  Plaintiffs did not respond to Defendant's motion to dismiss this cause of action.

17  Plaintiffs' failure to respond to Defendant's motion to dismiss is interpreted as abandonment

18  of the slander of title claim.  *See Banga v. Kohl's Dep't Stores, Inc., Inc.*, No. 13–00275, 2013

19  WL 6734116, *4 (N.D. Cal. Dec. 20, 2013) ("deem[ing] Plaintiff's failure to offer any

20  argument in opposition to Kohl's motion to dismiss her [Fair and Accurate Credit Transactions

21  Act] claim as an abandonment of this claim and consent to the granting of the motion to

22  dismiss."); *Qureshi v. Countrywide Home Loans, Inc.*, No.09–4198, 2010 WL 841669, at *6

23  n.2 (N.D. Cal. Mar. 10, 2010) (construing plaintiff's failure to address claims challenged in

24  motion to dismiss as abandonment of those claims and dismissing without leave to amend).

25  Accordingly, Plaintiffs' claim for slander of title is dismissed with prejudice.

26  **V.    Breach of Express Agreement or Breach of Implied Agreement**

27  Plaintiffs' second cause of action alleges Defendant breached the Deed of Trust "by

28  wrongfully maintaining a Deed of Trust against the [Property] when no entity has the power

9

United States District Court
Northern District of California

1  of sale." (Dkt. No. 1 at ¶ 28.)  Plaintiffs' third cause of action alleges breach of an implied

2  agreement, specifically that Defendant "violated the Deed of Trust by failing to record any

3  assignment of the Deed of Trust, while still continuing to collect payments from Plaintiffs."

4  (*Id.* at ¶ 34.)

5  An express agreement is shown through the direct spoken or written words of the

6  parties.  *Crawford v. Gould*, 56 F.3d 1162, 1168 (9th Cir. 1994).  To state a claim for breach

7  of contract, Plaintiffs must allege "[1] the existence of the contract, [2] performance by the

8  plaintiffs or excuse for nonperformance, [3] breach by the defendant, [4] and damages."

9  *Lucia v. Wells Fargo Bank, N.A.*, 798 F. Supp.2d 1059, 1066-67 (N.D. Cal. 2011).  On the

10 other hand, an implied agreement is shown by the acts and conduct of the parties.  *Crawford*,

11 56 F.3d at 1168.  The elements of a cause of action for either breach of an express contract or

12 breach of an implied contract are the same.  *Gomez v. Lincare, Inc.*, 173 Cal. App. 508, 525

13 (2009).

14 Here, Plaintiffs' breach of contract causes of action are grounded on the theory that

15 Defendant is not the true beneficiary of the Deed of Trust.  For example, Plaintiffs allege that

16 Capital One breached the Deed of Trust because it knew or should have known "that it cannot

17 provide evidence that it purchased Deed of Trust from ING Bank."  (Dkt. No. 1 at ¶ 28.)

18 Again in that same cause of action they allege that Capital One "is not the true owner of the

19 Deed of Trust."  The claim for implied breach of contract similarly alleges that Capital One

20 has no "legal rights under the Deed of Trust."  (*Id.* ¶ 34(b).))  Thus, under Plaintiffs' own

21 allegations, neither an express nor an implied agreement exists between Plaintiffs and

22 Defendant.  Because the Court must take Plaintiffs' statements as true when ruling on a

23 motion to dismiss, Plaintiffs cannot satisfy the first element of either claim for breach.

24 Plaintiffs' lament that they are allowed to plead in the alternative is unavailing.

25 Plaintiffs correctly state in their Opposition that their various causes of action may be

26 premised on alternative legal theories.  (Dkt. No. 21 at 3-4.)  Plaintiffs, however, fail to allege

27 any alternative theories to support a breach of an express or implied agreement in their

28

United States District Court
Northern District of California

1  Complaint; instead, Plaintiffs' alternative theories are presented for the first time in their

2  Opposition.

3      "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look

4  beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a

5  defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197

6  n.1 (9th Cir. 1998); *see also Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

7  Accordingly, because the Court may look only to the Complaint, Plaintiffs' second and third

8  causes of action are dismissed with leave to amend.

9  **VI.   Declaratory Relief as a Cause of Action**

10      Plaintiffs' first cause of action is for declaratory relief, in which Plaintiffs "request a

11  judicial determination as to whether [Defendant] can demand payments under the [Mortgage]

12  Note," whether the Note is valid, and "whether the Defendant has authority to foreclose on the

13  Property." (Dkt. No. 1 at ¶¶ 19, 21, 22.)  Plaintiffs further "request a determination that

14  [Defendant] cannot comply with California Civil Code § 2923.55 which requires that any

15  beneficiary causing the recordation of a Notice of Default prove first that they are the

16  Noteholder, prior to recording a[] Notice of Default." (*Id.* at ¶ 20.)  Defendant moves to

17  dismiss on grounds that declaratory relief is not a cause of action, and that a determination on

18  such a claim would be duplicative with the relief sought under Plaintiffs' other causes of

19  action. (Dkt. No. 19 at 5.)

20      Under the Declaratory Judgment Act ("DJA"), a federal court "may declare the rights

21  and other legal relations" of a party "[i]n a case of actual controversy within its jurisdiction."

22  28 U.S.C. § 2201(a).  "[D]eclaratory relief is appropriate when (1) the judgment will serve a

23  useful purpose in clarifying and settling legal relations; and (2) when it will terminate and

24  afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding."

25  *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984) (internal citations and

26  quotation marks omitted).  Proceedings under the DJA are subject to the same pleading

27  standards required by Federal Rule of Civil Procedure 8.  WRIGHT & MILLER, FED. PRAC. &

28

11

United States District Court
Northern District of California

PROC. § 1238 (3d ed. 2013); *see also Jimenez v. Metrocities Mortg., LLC*, No. 11–00951, 2012 WL 13664, at *3 (N.D. Cal. Jan. 4, 2012).

Declaratory relief claims must be based on an underlying claim.  *Soares v. ReconTrust Co., N.A.*, No. 12–00070, 2012 WL 1901234, at *7 (N.D. Cal. May 25, 2012) (dismissing plaintiff's cause of action for declaratory relief because it lacked a viable underlying claim). Therefore, declaratory relief, as *Soares* suggests, can serve as an independent cause of action, so long as it is properly pled and based on an underlying claim.  Thus, Defendant's argument that declaratory relief is not an independent cause of action is incorrect.  As to Defendant's second argument—that Plaintiffs' claim is duplicative—the Court cannot reach such a determination because all of Plaintiffs' other claims are dismissed.  Plaintiffs' Complaint, however, does not specifically plead the basis for their contention that Capital One "does not have the authority to foreclose upon and sell the Property, to demand payments under the Mortgage Note, or to maintain a lien under the Deed of Trust"; in other words, it does not specify the "underlying claim."  Accordingly, the claim is dismissed with leave to amend.

## VII.    Plaintiffs' Amended Complaint

Plaintiffs filed an amended complaint on January 31, 2014.  (Dkt. No. 29.)  The amended complaint presents the same claims, most of them verbatim, and adds a claim for injunctive relief.  The amended complaint, however, is improper because it was filed well after the 21 day grace period, without  opposing counsel's written consent, and without leave of court.  *See* Fed. R. Civ. Proc. 15(a).  Accordingly, the Court STRIKES the amended complaint.

<b>CONCLUSION</b>

For the foregoing reasons, the Court:

1) GRANTS Defendant's request for judicial notice as to the January 6, 2012 state proceeding;[3]

---

[3]  Defendant also requests judicial notice of several other state court proceedings, as well as Defendant's response to Plaintiffs' purported QWR.  (Dkt. No. 19, Exhs. A-D.)  Because those documents were not necessary for this decision, the Court does not rule on those requests.

2)  GRANTS Defendant's motion to dismiss Plaintiffs' TILA, FDCPA, RESPA, and Slander of Title claims with prejudice; and

3)  GRANTS Defendant's motion to dismiss Plaintiffs' UCL, Breach of Express Agreement, Breach of Implied Agreement, and Declaratory Relief claims with leave to amend.  Any amended complaint must be filed within 20 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: February 12, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

13